```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Yusuf Brown, all Present and        :
Future Protective Control
Inmates,                            :

        Plaintiff,          :   Case No. 2:07-cv-0826

  v.                                :   JUDGE FROST

Terry Collins, Ohio                 :
Department of Rehabilitation
and Corrections,                    :

        Defendant.          :


## REPORT AND RECOMMENDATION

    Plaintiff, Yusuf Brown, an inmate confined at the Southern Ohio Correctional Facility in Lucasville, Ohio, filed this action against Terry Collins, the Director of the Ohio Department of Rehabilitation and Correction, pursuant to 42 U.S.C. §1983.  In general, Mr. Brown raises concerns about the health and safety of inmates who, like himself, are placed into protective custody and housed at the SOCF.  Director Collins has filed a motion to dismiss.  For the following reasons, it will be recommended that the motion be granted as stated but that Mr. Brown be given an opportunity to submit an amended complaint.

                                                  I.

    A motion to dismiss attacks the sufficiency of the complaint.  In ruling upon such motion, the Court must accept as true all well-pleaded allegations of the complaint, and may dismiss the action only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  <u>Pro se</u> complaints are to be construed liberally in favor of the pro se party.  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  It is with

these standards in mind that the motion to dismiss must be decided.

## II.

Mr. Brown's complaint purports to be brought on behalf of himself as well as all present and future protective control inmates confined within the State of Ohio.  According to the complaint, at one time protective control inmates were housed at three different correctional institutions around the State of Ohio.  However, in June, 2006, a decision was made to consolidate the protected control units at the SOCF.  Mr. Brown contends that inadequate notice of this plan was given to officers at the SOCF and, as a result, that institution was not prepared to deal with protective control inmates.

Also according to the complaint, as a result of this lack of preparation and, perhaps, other factors, the protective control inmates who have been transferred to the SOCF have been housed in a very unsafe environment.  Mr. Brown asserts that since June, 2006, there have been a number of incidents of violence including assaults and fights, and that a number of weapons have been confiscated from protective control inmates.  He also asserts that the inmates are not adequately protected from violence or assaults by other inmates of the SOCF because they are not always completely segregated from those inmates.  Finally, he asserts that the doctor assigned to the SOCF cannot keep current with inmate treatment needs and that inmates in protective control sometimes wait four to five weeks to see a doctor.

The complaint does not describe in great detail whether Mr. Brown himself has been the victim of any assault or has had a serious medical need either ignored or addressed in an untimely fashion as a result of the conditions described in the complaint.  The relief Mr. Brown seeks includes a declaratory judgment that protective control inmates have been subjected to cruel and

unusual punishment and an injunction ordering such inmates be moved to a different institution and to be placed in the responsibility of adequately trained staff and given proper medical care.

The motion to dismiss raises three separate arguments. Primarily, Director Collins contends that Mr. Brown has not exhausted any of his claims as required by the Prison Litigation Reform Act.  See 42 U.S.C. §1997e(a).  Director Collins also contends that Mr. Brown's complaint is vague and conclusory and, in many instances, does not state claims which Mr. Brown would have standing to pursue.  As an adjunct to this latter argument, Director Collins asserts that Mr. Brown may not represent a class of inmates in a class action setting and therefore may pursue only claims which involve him personally.  The Court will address each of these arguments in turn.

III.

The parties agree, and the law requires, that before an inmate pursues constitutional claims in a federal court relating to conditions of confinement, the inmate must pursue the appropriate prison grievance procedure.  In Ohio, a three-step prison grievance procedure is available to inmates, and they are required to pursue each step of the grievance procedure to the extent that the matter about which they complain is grievable. The parties differ as to whether Mr. Brown has fully exhausted his remedies with respect to the claims he attempts to present.

One of the difficulties involved in determining whether Mr. Brown has adequately exhausted his remedies is that his complaint appears to assert claims not only on his own behalf but on behalf of all others who are, or who will be, confined in protective control within the Ohio State Prison system.  Mr. Brown points out that, under the Ohio Prison Grievance System, he is not entitled to grieve issues which relate to other inmates.

Although he offers this as an excuse for failing to file grievances with respect to such claims, there is a more fundamental problem with those claims that makes the exhaustion issue largely irrelevant.

As the motion to dismiss points out, it has generally been held that a *pro se* prison inmate may not maintain a class action because the inmate is not deemed to be able adequately to represent the interests of the class.  An inmate typically has no legal training and therefore should not be entrusted with pursuing the rights of other litigants not before the Court.  This proposition appears not to have been endorsed by any published decision from the United States Court of Appeals for the Sixth Circuit, but has been cited with approval in unpublished decisions of that Court and routinely followed by district courts in this circuit.  See, e.g., Palasty v. Hawk, 15 Fed. Appx. 197 (6th Cir. June 20, 2001); Marcum v. Jones, 2006 WL 543714 (S.D. Ohio March 3, 2006).

The conclusion to be drawn from these arguments is that Mr. Brown lacks standing to pursue claims on behalf of anyone but himself, and he may not circumvent that problem by attempting to assert claims on behalf of a class of prisoners for whom he would be an adequate class representative.  Although he correctly points out that he has not yet moved for a class certification, so that the issue of whether the Court should certify a class in this case is not directly before the Court, his inability to act as a class representative does have an impact on whether the claims he is attempting to pursue on behalf of other prisoners can survive a motion to dismiss.  Because he is not entitled to assert those claims, they cannot be a part of this lawsuit, and the question of whether they have been properly exhausted (or even could be properly exhausted) is irrelevant.  Simply put, this case must be pared down to claims which Mr. Brown asserts on

4

his own behalf, and any other claims must be dismissed.

This conclusion leads the Court back to the question of whether Mr. Brown has properly exhausted his claims.  He has attached to his responsive memorandum a number of grievances which he appears to have pursued through the appropriate levels of the prison grievance process.  One of those claims relates to an alleged incident involving a corrections officer who supposedly told other inmates that Mr. Brown had volunteered to give information on unlawful activity within his unit, causing other inmates to threaten him.  Another asserted a claim of retaliation for his having filed a lawsuit concerning his transfer to SOCF, and a third involved alleged denials of medical treatment.  It is unclear, however, whether Mr. Brown wishes to pursue in this lawsuit each of the claims covered by these grievances.  For example, his complaint does not appear to make specific reference to the incident in which the corrections officer allegedly told other inmates that Mr. Brown agreed to provide information against them, and it does not address any particular denial of medical treatment involving Mr. Brown.  Rather, it contains only general allegations about delays in providing medical treatment to inmates of the protective control unit.  Given these ambiguities, the Court simply cannot tell whether Mr. Brown has properly exhausted his grievance remedies with respect to the claims he asserts in the complaint.

In order to address this problem, the Court recommends the following.  The motion to dismiss, as stated, should be granted with respect to all claims asserted by Mr. Brown other than those on behalf of himself personally.  It should also be granted with respect to Mr. Brown's personal claims because he has not demonstrated either that he exhausted administrative remedies with respect to the claims set forth in the complaint or that the claims in the complaint are identical to the ones set forth in

the grievances which he filed. Rather than dismissing the case, however, the Court should give Mr. Brown an opportunity to amend his complaint, if he so chooses, to assert claims about which he has properly filed a grievance. The Court does note that any claims relating to treatment received by Mr. Brown at the SOCF may not be maintainable against the only named defendant in this case, Director Collins, because of the Director's apparent lack of personal involvement in those individual treatment issues. Mr. Brown may also, if he desires, reassert his claim against Director Collins relating to the transfer to SOCF, and should he chose to do so, the defendants should address his contention that he was not required to file a grievance concerning this matter because there is no grievance procedure available concerning a decision made by the Director of the Department. Additionally, the Court expresses no opinion as to whether Mr. Brown has stated a claim against Director Collins under §1983 because that issue was not raised in the pending motion to dismiss.

IV.

Based on the foregoing, it is recommended that the defendant's motion to dismiss (#7) be granted. It is further recommended that plaintiff be given 30 days from the date of any order adopting this recommendation to file an amended complaint pleading claims which have properly been exhausted under the Prison Litigation Reform Act or for which no exhaustion is required. Finally, it is recommended that if Mr. Brown chooses not to file such an amended complaint, this action be dismissed in its entirety.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which

objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

  The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


          /s/ Terence P. Kemp
          United States Magistrate Judge