IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Yusuf Brown,                        :

    Plaintiff,                  :    Case No. 2:07-cv-0826

  v.                              :    JUDGE FROST

Terry Collins,                      :    MAGISTRATE JUDGE KEMP

    Defendant.                  :


REPORT AND RECOMMENDATION

    The plaintiff in this 42 U.S.C. §1983 case is Yusuf Brown, who, at the time the case was filed, was serving a prison sentence at the Southern Ohio Correctional Facility located in Lucasville, Ohio. In an amended complaint which was filed after his initial complaint was dismissed, Mr. Brown takes issue with a number of things that either have happened to him, or might happen to him, at SOCF. Terry Collins, who is the director of the Ohio Department of Rehabilitation and Correction, and the only named defendant, moved to dismiss the amended complaint. The Court denied that motion in part, preserving for further adjudication Mr. Brown's claim that Director Collins' decision to transfer Mr. Brown to the SOCF and, as part of that decision, not to protect him from a serious risk of harm posed by other inmates, violated Mr. Brown's right to be free from cruel and unusual punishment.

    Mr. Brown had begun a similar case against other defendants on February 8, 2007. See Brown v. Voorhies, et al., Case No. 1:07-cv-101 (S.D. Ohio, Western Division, at Cincinnati). That case was dismissed, and judgment against Mr. Brown was entered, on March 10, 2009. Director Collins has now moved for summary judgment in this case on grounds of *res judicata*. Responsive and

reply memoranda have been filed. Just recently, Mr. Brown, who is represented by counsel, filed *pro se* motions for injunctive relief and for copies of the documents filed in connection with the summary judgment motion. For the following reasons, the Court will recommend that the motion for summary judgment be granted and that Mr. Brown's recent motions be denied.

## I. Summary Judgment Standard

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion must be decided.

## II. The Complaint in this Case

In its Report and Recommendation of August 25, 2008 dealing with the motion to dismiss (Doc. #27), the Court described Mr. Brown's allegations as follows:

> Mr. Brown's original complaint dealt mostly with issues which arose when he was transferred to the SOCF. Mr. Brown has been in protective custody inside the prison system because he has provided information against other inmates. He was also separated from some of those inmates when he was transferred to other prisons such as Toledo or Marion. When he was sent to the SOCF in 2006, some of the inmates he had previously been separated from were in that prison. He claimed in his original complaint that he and other protective custody inmates faced an increased risk of being assaulted by other inmates because they had been sent to a prison housing some of those inmates.
> In his amended complaint, he does not limit his allegations to the risk he faces by being in the same prison with other inmates who have reasons for wanting to hurt him. Although he does claim that the risk of harm is still there, he also says that other things happened both because he was transferred to the SOCF and after he got there.

Those "other things" included an allegation that some of his property was stolen on two different occasions, that his medicine was taken away from him by a prison doctor who had never seen his medical file, that he was not given warm clothing to wear during an episode of unusually cold weather, that he was not allowed to see a doctor even after he had become very ill and passed out for eating what he concluded was poisoned food, that he got an x-ray of, but no treatment for, an injured hand that was caught in the crash gate of a transport van, that he was charged with

possessing contraband on the basis of a letter that he was never allowed to see and that someone was checking books out of the library in his name.  All of these claims were dismissed because Mr. Brown did not allege that Director Collins was personally involved in the underlying conduct.  See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Thus, only his "failure to protect" claim remains pending here.

### III.  The Claims in Case No. 1:07-cv-101

The defendants in Case No. 1:07-cv-101 are SOCF Warden Voorhies and other employees of that institution.  However, the claims asserted in that case are similar.  In particular, Mr. Brown refers to the same series of events that led to his transfer to SOCF on July 7, 2006, complains about feeling ill after eating meals which were allegedly poisoned by members of the Aryan Brotherhood, and asserts that he did not receive adequate medical care thereafter.  The primary thrust of that complaint appears to be a request for Court intervention so that Mr. Brown could get medical treatment, but he clearly asserts, as a foundation for his claims, that he is not being adequately protected from threats of retaliation and actual retaliation from inmates who bear him ill will as a result of his prior cooperation with prison and law enforcement officials.

### IV.  The Ruling in Case No. 1:07-cv-101

After the defendants in that case moved for summary judgment, Magistrate Judge Hogan recommended that the motion be granted.  Mr. Brown objected to that recommendation.  Among other things, he asserted that summary judgment should not be granted on his claim that the defendants "intentionally exposed the plaintiff to violence at the hands of other prisoners, by labeling the plaintiff a snitch to a violent gang."  See Doc. #106, at 3.  Judge Barrett, in overruling the objections,

specifically decided that "Plaintiff has been in protective control since 1998 and has also been in segregation due to his high security classification. The Court cannot find that such limited access to Plaintiff, without something more, amounts to deliberate indifference."  Opinion and Order of March 10, 2009, at 8.  The Court also found no merit in his poisoning claim.

V. <u>Legal Analysis</u>

The first question which must be answered is what *res judicata* rules apply here.  Mr. Brown's other case was filed in a federal court and was based on a federal law cause of action. The same is true of this case.  Under those circumstances, federal, rather than state, issue or claim preclusion law applies.  <u>See Hamilton's Bogarts, Inc. v. Michigan</u>, 501 F.3d 644, 650 (6th Cir. 2007) ("Because the judgment upon which the State relies for its preclusion argument was issued by a federal court, we look to federal law to determine its preclusive effect").

The relevant federal law principles require that four elements be met before a prior judgment is determined to have preclusive effect in subsequent litigation.  Those elements are (1) a final decision on the merits in the prior case, (2) the presence of the same parties, or their privies, in both cases, (3) the presence, in the second action, of an issue that either was or could have been litigated in the first action, and (4) an identity of claims in both cases.  <u>See Hamilton's Bogarts</u>, 501 F.3d at 644 n.4, <u>quoting Walker v. General Tel. Co.</u>, 25 Fed. Appx. 332, 336 (6th Cir. 2001).  Thus, the Court must determine if those four elements are present here.

Clearly, there has been a final decision rendered in Case No. 1:07-cv-101.  Judgment was entered in that case on March 10, 2009, and there has been no appeal.  Further, the SOCF employees sued in that case are, like Director Collins, representatives of the Ohio Department of Rehabilitation and Correction, and they

share an identity of interest in the issues raised by Mr. Brown. Thus, the real question is whether there are issues common to both cases and if Mr. Brown's claims in both are identical.

In responding to the motion for summary judgment, Mr. Brown argues:

> Defendant's claim that Plaintiff's "failure to protect" claim is barred by *res judicata* is factually incorrect and cannot be supported by the facts and circumstances of this claim. As the Court can clearly see from the four corners of the Amended Complaint (Doc. 17?), the Amended Complaint contains allegations dated after the filing of the order referenced in Defendant's Motion for Summary Judgment. Further, Mr. Brown's complaints regarding the threats against his health and safety continue to this day and were not resolved by the Magistrate's Report and Recommendation in *Brown v. Voorhies*. This is not an attempt to relitigate issues raised in a prior case – Mr. Brown is asserting a continuing course of deliberate indifference to his safety which continues to this day.

See Doc. #49, at 4-5.

There are a number of problems with this argument. First, it is not at all clear that the amended complaint cites to any incidents that occurred after summary judgment was granted in Case No. 1:07-cv-101, or even after the defendants' motion was filed in that case. Rather, the amended complaint cites to exactly the same sequence of events, including the transfer to SOCF and the suspected poisoning of Mr. Brown's food, as well as an alleged ongoing threat to his safety. Certainly, any claims that relate to these events, and which predate either the filing of the defendants' motion for summary judgment in the earlier case, may not be relitigated here because they are the same claims made under the same legal theory.

Second, as the record reflects (see Doc. #38), Mr. Brown is no longer incarcerated at the SOCF. Rather, he is at the Ohio State Penitentiary in Youngstown. Although he asserts that this

change in location has no impact on his claims, that is incorrect for two reasons.

First, if the Court were to indulge in the assumption that his amended complaint does state a claim for an ongoing failure to protect him from staff and inmates at SOCF, any claim for injunctive relief is clearly mooted by his transfer to the OSP. Mr. Brown asserts that some of the people he needs to be separated from are also at OSP, but that is an entirely different claim than the one he has pleaded in his amended complaint. Also, it does not appear that he has exhausted his internal grievance remedies about that claim, nor is it clear how, if at all, Director Collins may have been involved in the decision to send Mr. Brown to OSP. For these reasons, any claim he might have pleaded for injunctive relief for the time *after* his similar claim was dismissed in Case No. 1:07-cv-101 is moot (and, of course, any claim arising before that dismissal is barred by *res judicata*).

The transfer of a prisoner from one institution to another ordinarily does not moot a damages claim. However, a fair reading of the amended complaint filed in this case reveals that the only actual damage Mr. Brown claims to have suffered was the alleged poisoning of his meals and the corresponding failure to treat him appropriately. Those claims are identical to the ones which were raised and dismissed in Case No. 1:07-cv-101. He has not pointed out with any specificity a claim for damages made in this case that post-dates the filing of the defendants' motion, or the decision, in the prior case. Thus, the Court concludes that the damages claims pleaded in this case are completely duplicative of the ones pleaded in the now-dismissed action, and that there are no claims for damages here for the time frame between the filing of the motion in that case and Mr. Brown's transfer to OSP. Of course, any damage claims associated with

his incarceration at OSP are simply not a part of this lawsuit. Thus, there is nothing left for the Court to adjudicate.

## VI. The Remaining Motions

Mr. Brown has filed a motion for injunctive relief in which he contends that he should be transferred to the Oakwood Correctional Facility's cadre unit, and he has also filed a motion asking for copies of Documents 46, 49 and 50. Mr. Brown is represented by legal counsel in this case and does not have the right to file documents *pro se* while he is so represented. Further, as noted above, this case is about his placement at SOCF. No issues about his placement at OSP are pleaded here, nor do such issues appear ripe for decision. Finally, there is no reason his counsel cannot provide him with copies of the documents in question. In fact, they would seem obligated to do so. For these reasons, his *pro se* motions should be denied.

## VII. Recommendation

For the foregoing reasons, it is recommended that the defendant's motion for summary judgment (#46) be granted and that Mr. Brown's two *pro se* motions (#51 and #52) be denied.

## VIII. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with

instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge