IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Yusuf Brown,                    :

    Plaintiff,              : Case No. 2:07-cv-0826

  v.                            : JUDGE FROST

Terry Collins,                  :

    Defendant.              :

OPINION AND ORDER

This matter is before the Court to consider the Report and Recommendation issued by the Magistrate Judge on August 18, 2009 (#54). The Magistrate Judge recommended that the defendant Terry Collins' motion for summary judgment be granted and that plaintiff Yusuf Brown's *pro se* motions for injunctive relief and for copies of Documents 46, 49, and 50 be denied. Mr. Brown, through his counsel, timely objected to the Report and Recommendation.

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(1)(C). For the following reasons, Mr. Brown's objections will be overruled, and the Report and Recommendation will be adopted in its entirety.

I.

Mr. Brown is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction. He is currently incarcerated at the Ohio State Penitentiary in Youngstown, Ohio.

Terry Collins is the Director of the ODRC.  At the time Mr. Brown commenced this action, he was serving a sentence at the Southern Ohio Correctional Facility in Lucasville, Ohio.  His amended complaint (#17) seeks damages and injunctive relief under 42 U.S.C. §1983 for Director Collins' alleged deliberate indifference to his personal safety in violation of his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution.   The sole claim remaining before the Court arises out of Director Collins' decision to return Mr. Brown to the SOCF despite being fully aware that in ordering this transfer he was reuniting Mr. Brown with persons who might wish to harm him.

On March 20, 2009, Director Collins moved for summary judgment on Mr. Brown's "failure to protect" claim.  In his motion, Director Collins argues that any claim Mr. Brown may have had to injunctive relief relating to his placement at the SOCF was rendered moot by his transfer to the OSP.  Director Collins also contends that the doctrine of res judicata bars Mr. Brown from re-litigating the remaining claims and issues in this case.  Lastly, Director Collins asserts that even if Mr. Brown can establish a constitutional violation, he is entitled to qualified immunity from any liability for damages.

Mr. Brown, through his counsel, filed a memorandum in opposition to Director Collins' summary judgment motion in which he argued that genuine issues of material fact remain.  Mr. Brown, although represented by counsel, also filed *pro se* a motion for temporary restraining order and preliminary injunction requiring Director Collins to arrange for his immediate transfer from OSP to the Oakwood Correctional Facility's Cadre Unit due to the alleged danger Mr. Brown currently faces at OSP.  In a separate motion filed *pro se*, Mr. Brown requested that the Court send him copies of the motion for summary judgment, the

memorandum in opposition, and the reply.

II.

The Magistrate Judge recommended that Director Collins' motion for summary judgment be granted and that Mr. Brown's two *pro se* motions be denied. Mr. Brown, through his counsel, objects to the Magistrate Judge's recommended disposition on the following grounds:

1. The Report and Recommendation erroneously finds that Plaintiff's safety and well-being are adequately protected by transferring Plaintiff from the SOCF and that Plaintiff's claims are moot by his transfer to the OSP.

2. The Report and Recommendation erroneously finds that Defendant Collins cannot be sued for his knowing transfer of Plaintiff into a dangerous situation and the injuries Plaintiff sustained because of that transfer.

3. Because the ODRC administrative regulations require that Plaintiff be placed in protective custody should any altercation between Plaintiff and another inmate arise-and the fact that the Ohio Protective Custody Unit is located at SOCF where this case arose-Plaintiff bears the risk of being returned to the same conditions which brought forth this lawsuit. The Report and Recommendation erroneously refuses to grant the injunctive relief requested in Plaintiff's Amended Complaint in that the Report and Recommendation finds Plaintiff's claims of a continuing course of conduct which threatens him harm is barred by the doctrine of *res judicata*.

The Court will, therefore, conduct a de novo review of those portions of the Report and Recommendation to which proper objection has been made.

III.

In his first objection, Mr. Brown asserts that the Magistrate Judge erroneously found that his safety and well-being were adequately protected by his transfer from the SOCF to the OSP. The Report and Recommendation, however, contains no such

-3-

finding. The Magistrate Judge observed that the amended complaint deals with the increased risk of harm faced by Mr. Brown as the result of his transfer to SOCF and Director Collins' alleged ongoing failure to protect him from the staff and inmates at that facility. The Report and Recommendation did not address Mr. Brown's safety and well-being at OSP because none of the allegations which comprise the amended complaint said anything about the conditions at OSP. To the extent Mr. Brown now wishes to challenge conditions at OSP that may pose a risk to his safety or well-being, that claim is not properly before the Court. Foster v. Gardner, 894 F.2d 407 (table), 1990 WL 5303 at *1 (6th Cir. Jan. 26, 1990)(court found that plaintiff's transfer to another facility mooted his claims for injunctive relief and refused to address merits of claim that such transfer was motivated by unlawful retaliatory reasons because claim was not properly before the court).

Mr. Brown also objects to the Magistrate Judge's finding that once he was no longer confined at SOCF, his claim for injunctive relief became moot. Mr. Brown states that the prisoners who were a danger to him at SOCF are also a danger to him at OSP or at any other facility in Ohio where known associates of those inmates might be housed. However, Mr. Brown's amended complaint addresses only the conditions he faced at SOCF. To the extent that his request for injunctive relief concerns incidents that did not occur at his current facility, his claim is moot. Becker v. Montgomery, 43 Fed. App'x 914, 915 (6th Cir. 2002); Ledger v. Walters, 230 F.3d 1358 (table), 2000 WL 1434687 at *2 (6th Cir. Sep. 19, 2000). See also Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's request for declaratory and injunctive relief to redress violations of his First Amendment right to receive mail became moot when he was transferred from institution that searched his mail). The fact

that the sole defendant, Director Collins, oversees both SOCF and OSP does not save Mr. Brown's request for injunctive relief from mootness.  See Henderson v. Martin, 73 Fed. App'x 115, 117 (6th Cir. 2003).  Moreover, even had Mr. Brown attempted to substitute officials at OSP as defendants for purposes of injunctive relief, the result would be the same.  See Lyons v. Azam, 58 Fed. App'x 85, 87 (6th Cir. 2003).

In his second objection, Mr. Brown maintains that the Magistrate Judge erroneously found that Director Collins could not be sued for knowingly transferring him into a dangerous situation and thereby causing him injury.  Once again, this objection finds little support in the Report and Recommendation.  The Magistrate Judge did not state that Director Collins could not be sued for his own actions.  In fact, the "failure to protect" claim survived Director Collins' previous motion to dismiss for failure to state a claim.  The Magistrate Judge recommends that Director Collins' motion for summary judgment be granted because Mr. Brown's claim for injunctive relief is moot for the reasons cited above and because his claim for damages is barred by res judicata.

Mr. Brown does not challenge the finding that the damages claims pleaded in this case are completely duplicative of the ones which were dismissed in Brown v. Voorhies, et al., Case No. 1:07-cv-101 (S.D. Ohio, Western Division, at Cincinnati).  He insists, however, that when the allegations contained in the amended complaint are taken as a whole and construed with the less stringent standard applicable to *pro se* pleadings, they clearly present a course of conduct by prison officials under the supervision, direction, and control of Director Collins which falls below the criteria required to satisfy the Eighth Amendment's ban on cruel and unusual punishment.  He declares that, at the very least, there are genuine issues of material

-5-

fact regarding this conduct which preclude summary judgment.

The Court cannot discern the precise course of conduct to which Mr. Brown refers. The Court has already determined that to the extent this course of conduct includes actions which Director Collins did not personally perform or direct, Mr. Brown may not recover damages under §1983. With respect to those actions which occurred at SOCF following Mr. Brown's transfer to SOCF and which comprise his "failure to protect" claim, the Magistrate Judge correctly determined that principles of res judicata bar him from re-litigating the very same damages claim that was pled and decided on the merits in Brown v. Voorhies, supra.

The Court also finds that the Magistrate Judge did not err in failing to construe the amended complaint under the less restrictive standard usually accorded *pro se* litigants, as Mr. Brown suggests. Because Mr. Brown had not yet been transferred to OSP when he filed his amended complaint, the allegations contained therein could not have related to the conditions at that facility. Therefore, as the Magistrate Judge stated, any damages claim associated with his incarceration at OSP is simply not a part of this lawsuit.

In his third and final objection, Mr. Brown avows that he bears the risk of being returned to SOCF should he become involved in an altercation with another inmate and, as a result, be placed in protective custody. This contention is based on Mr. Brown's apparent belief that the only protective custody unit in Ohio's prison system is located at SOCF. He also argues that the Magistrate Judge erroneously refused to grant him the injunctive relief requested in his amended complaint.

The first part of this objection appears to be an argument that his claim for injunctive relief is not moot because it is capable of repetition yet evading review.

> That exception [to the mootness doctrine], however, applies
> only where:(1) the challenged action was in its duration too

> short to be litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party could be subjected to the same action again.

Demis v. Sniezek, 558 F.3d 508, 516 (6th Cir. 2009)(internal quotation marks and citations omitted). "The second prong of the capable-of-repetition exception requires a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." Id. (internal quotation marks and citations omitted).

Mr. Brown's supposition that he is likely to be returned to SOCF does not constitute a reasonable expectation or demonstrated probability. See Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996)(prisoner's allegation that his return to prior institution upon his release from disciplinary segregation was virtual certainty did not amount to showing of likelihood of retransfer). Moreover, it is not supported by the record. See id. The possibility of Mr. Brown's return to SOCF is too speculative to warrant injunctive relief. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001). If, in fact, the SOCF houses the only protective custody unit in the state, the Court still would not presume that he will become involved in an altercation with another inmate and have to be placed in protective custody. See Kirsch v. Smith, 894 F.Supp. 1222, 1226 (E.D. Wis. 1995)(even though plaintiff had been confined to Adjustment Center for periods of time in eight of past ten years, court declined to assume that he would fail to abide by prison rules and again be confined to that unit). In the event that Mr. Brown is returned to SOCF in the future, he may assert a claim for injunctive relief at that time. See Shaheed-Muhammad v. Dipaolo, 138 F.Supp.2d 99, 106 (D. Mass. 2001)(inmate's claims for equitable relief related to his confinement at Massachusetts prison may not be asserted legitimately until he is returned there from Arizona

-7-

prison).

The second part of his objection that the Report and Recommendation refused to grant Mr. Brown the injunctive relief prayed for in his amended complaint is without merit. Pursuant to 28 U.S.C. 636(b)(1)(A), a magistrate judge may not hear or determine a motion for injunctive relief. The Court will nevertheless consider the propriety of the Magistrate Judge's recommendation that injunctive relief be denied.

In his amended complaint, Mr. Brown asked that Director Collins be ordered to immediately arrange for him to be transferred to an institution that Mr. Brown agrees will provide him with safety and security. The factual basis for this requested relief lies in the allegedly unsafe conditions at SOCF. Because Mr. Brown is no longer confined at SOCF, this factual basis no longer exists. To the extent Mr. Brown is arguing that he should be able to choose his place of incarceration, it is well-settled that a prisoner does not have a liberty interest in a transfer from one prison to another regardless of the reason. Bazetta v. McGinnis, 430 F.3d 795, 804 (6th Cir. 2005). Accordingly, the Court refuses to order that Mr. Brown be transferred to the Oakwood Correctional Facility or to another institution of his choosing.

IV.

For the foregoing reasons, the Court overrules each of Mr. Brown's objections (#59) and adopts the Report and Recommendation (#54) in its entirety. The defendant's motion for summary judgment (#46) is hereby granted, and Mr. Brown's *pro se* motion to show cause and for preliminary injunction and temporary restraining order and his *pro se* request for copies of certain documents (#51 and #52) are denied. The Clerk shall terminate this action.

/s/ Gregory L. Frost
GREGORY L. FROST

UNITED STATES DISTRICT JUDGE